UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | File No. 1:06-CR-4-03 |
| | : | |
| ROBERT PHELPS | : | |

RULING ON MOTION TO DISMISS FOR PRE-ACCUSATORY DELAY
(Paper 30)

On February 1, 2006, a federal grand jury indicted Robert Phelps and others on

criminal charges of possession with intent to distribute cocaine.  Defendant Phelps

contends that the Government's case against him violates the Due Process Clause of

the U. S. Constitution because he was not indicted until almost five years after the

crime for which he was charged had occurred.  In the intervening time, a potential

witness for the defendant died.  Phelps asserts that both the delay in the indictment and

the death of a witness violate his due process rights.  The Court finds Phelps'

arguments to be unconvincing because he has not met his "heavy burden" of showing

that the delay was "a course intentionally pursued by the government for an improper

purpose."  United States v. Cornielle, 171 F.3d 748, 752 (2d Cir. 1999).  Therefore,

upon consideration of the record and for the reasons set forth below, defendant's

motion to dismiss is DENIED.

The United States Supreme Court held in United States v. Marion, 404 U.S. 307

(1971), that the statute of limitations is "the primary guarantee against bringing overly

1

stale criminal charges." Id. at 322 (quoting United States v. Ewell, 383 U.S. 116, 122 (1966)).  A set period within which prosecution must be initiated "safeguards citizens from standing trial on charges whose underlying facts have grown dim with age, and from having to face possible punishment because of acts committed in the distant past."  Cornielle, 171 F.3d at 751-52 (ruling that a four-year delay in prosecution did not defeat due process).  Accordingly, the Second Circuit has held that timely brought criminal prosecutions are rarely to be dismissed.  See United States v. Lawson, 683 F.2d 688, 694 (2d Cir. 1982).  Indictments filed within the statute of limitations are accorded a "strong presumption of validity."  Cornielle, 171 F.3d at 752.

An indictment brought within the time constraints of the statute may violate due process where pre-indictment delay has been shown to cause "substantial prejudice" to the defendant's ability to present his defense and "the delay was an intentional device to gain [a] tactical advantage over the accused."  Cornielle, 171 F.3d at 752 (citing Marion, 404 U.S. at 324).  As the Supreme Court explained, where delay prejudices the presentation of a defense and is used for an improper purpose it violates the Due Process Clause because such conduct departs from fundamental notions of "fair play." United States v. Lovasco, 431 U.S. 783, 795 (1977).  A defendant, however, bears the "heavy burden" of proving both that he suffered actual prejudice because of the alleged pre-indictment delay and that such delay was a course intentionally pursued by the government for an improper purpose.  Cornielle, 171 F.3d at 752 (citing United States v. Scarpa, 913 F.2d 993, 1014 (2d Cir. 1990); United States v. Hoo, 825 F.2d 667, 671 (2d Cir. 1987)).

2

Prejudice in this context has meant the sort of denial that impairs a defendant's right to a fair trial.  See United States v. Elsbery, 602 F.2d 1054, 1059 (2d Cir. 1979). This type of prejudice is often demonstrated by the loss of documentary evidence or the unavailability of a key witness.  See, e.g., Lovasco, 431 U.S. at 796 (accepting defendant's claim of prejudice based on loss of testimony of two material witnesses but finding no due process violation because delay was not improper); Marion, 404 U.S. at 325-26 (rejecting due process claims as speculative and premature, but commenting that "actual prejudice" may be shown if "memories . . . dim, witnesses become inaccessible, and evidence [is] lost").

Phelps asks the Court to find that the death of the Government's informant prejudices his defense and that, as a result, his case must be dismissed. Mere prejudice is not enough, however.  In the words of the Supreme Court, "proof of prejudice is generally a necessary but not sufficient element of a due process claim, and that the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused." Lovasco, 431 U.S. at 790.  Thus, Phelps must also show that the Government intentionally delayed indictment in order to defeat his possible defense strategy.  Phelps in his pleadings has made no such showing, and by his own admission, he suggests that his case was "ignored or forgotten for several years." (Paper 30 at 3).  Forgetting about a case is not a strategy.  There is no suggestion the Government could predict that their informant would die in a car accident during a police pursuit.  (Paper 30 at 4).

While the Government does not explain why it delayed in filing the indictment against Phelps, the Supreme Court makes clear, "the Due Process Clause does not

3

permit courts to abort criminal prosecutions simply because they disagree with a prosecutor's judgment as to when to seek an indictment." <u>Lovasco</u>, 431 U.S. at 790.

For the reasons stated above, the defendant's Motion to Dismiss for Pre-Accusatory delay is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 8th day of August, 2006.

      /s/ J. Garvan Murtha
      J. Garvan Murtha
      United States District Judge